APPEAL from the act and decree of the Register of wills for New Castle county, on the settlement of an administration account.
The record showed a citation by the register to the appellant requiring *Page 245 
him to settle his administration account on the estate of Wm. T. Smith, deceased; that he appeared personally and by counsel, and at his request the register postponed the matter several times, until he at last neglected to appear altogether: whereupon, "the register, having the vouchers and materials for settlement before him, proceeded to settle and pass the account, and charged him with the full amount of the debts due the deceased as returned and filed in the register's office," from which he appealed.
The exceptions were 1st. That the acts and proceedings of the register were illegal and unconstitutional. 2d. That the account settled and decreed by the register is not the account of the administrator. 3d. That the register did not carefully examine the particulars of the said account with the proof thereof, in the presence of the administrator. 4th. That he settled the account of his own motion, and it was not filed or furnished by the administrator. 5th. That the account was not settled according to law; and the proceeding was irregular and illegal. 6th. That the register charged the administrator with desperate debts, and did not allow him proper credits, c. c.
Rogers, for the appellant, contended that the register could not of his own motion, state and settle an administration account without the presence of the administrator; but should compel the administrator by attachment and imprisonment to settle. (Dig. 227, § 15; 8 vol. 17.)
Gray and Rodney, contra, contended that the register, having had the administrator before him with his vouchers and papers, had the power to settle the account though the administrator withdrew himself from the jurisdiction, and refused to complete the account; and that this proceeding being under sec. 21, and not under see. 22, of Art. 6, of the Constitution, the appeal was not to this court, even if there was error in that mode of settlement.
The Court dismissed the appeal for want of jurisdiction; considering that in the matter of settling administration accounts where there was no adversary proceeding, no parties, and no "litigation of a cause," the proceeding was under sec. 21 of Art. 6, of the Constitution, and not under sec. 22; and that the appeal was by way of exceptions before the Orphans' Court, and not to this court. (3 Harr. Rep.
433, Robinson vs. Robinson.)
 Appeal dismissed.